Daniel C. Girard (SBN #114826)
Email:  dcg@girardgibbs.com
Eric H. Gibbs (SBN # 178658)
Email:  ehg@girardgibbs.com
David M. Berger (SBN # 277526)
Email:  dmb@girardgibbs.com
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, CA 94108
Telephone:   (415) 981-4800
Facsimile:    (415) 981-4846

[Additional Counsel Listed on Signature Page]

*Attorneys for Plaintiff Jessica Luna*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| JESSICA LUNA, on behalf of herself, and all others similarly situated, | Case No. 8:15-cv-01603-JLS-KES |
| Plaintiff, | **CLASS ACTION** |
| v. | AMENDED COMPLAINT |
| EXPERIAN INFORMATION SOLUTIONS, INC., | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiff, Jessica Luna, individually and on behalf of a class of persons similarly situated, brings this class action against Defendant, Experian Information Solutions, Inc. ("Experian"). The basis for and the relief sought is set forth below.

## PRELIMINARY STATEMENT

1.     T-Mobile, which primarily provides cellular phone services to consumers, processes the credit applications of customers and potential customers through Experian, an information services group that provides, among other things, credit check services to corporations.

2.     Experian failed to protect the sensitive data of T-Mobile's customers and individuals who applied for credit with T-Mobile.

3.     On October 1, 2015, Experian announced its servers had been breached and that the confidential information of T-Mobile customers and applicants had been compromised. The breach affected 15 million persons who had applied for service or device financing with T-Mobile between September 1, 2013 and September 16, 2015.

4.     Plaintiff is a customer harmed by Experian's substandard security practices. Plaintiff seeks to represent herself as well as a Class of all other customers similarly situated who applied for services or device financing with T-Mobile between September 1, 2013 and September 16, 2015.

## JURISDICTION AND VENUE

5.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for deprivation of rights guaranteed under the Constitution, laws, or treaties of the United States. Jurisdiction is also founded upon 28 U.S.C. § 1332(d) (Class Action Fairness Act) in that this is a putative class action with more than 100 class members, more than $5 million in controversy, and the requisite diversity of citizenship.

6.     Venue is appropriate pursuant to 28 U.S.C. § 1391. A substantial portion of the events and conduct giving rise to the violations alleged in this complaint occurred in this District.

1

AMENDED CLASS ACTION COMPLAINT
CASE NO. 8:15-CV-01603-JLS-KES

7.     This court has personal jurisdiction over Experian because it has substantial and continuous contacts with this forum, and the events giving rise to this matter arose out of those contacts.

## PARTIES

8.     Plaintiff Jessica Luna is a citizen and resident of Los Angeles, California. On or about November 2014, Plaintiff purchased a cellular phone from T-Mobile, and in doing so, T-Mobile checked her credit through Experian.

9.     Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation with its principal offices located at 475 Anton Blvd., Costa Mesa, California 92626.

## STATEMENT OF COMMON FACTS

10.    On or about October 1, 2015, T-Mobile was notified by Experian, the vendor that processes its credit applications, that information T-Mobile provided to Experian had been taken in a data breach.

11.    Experian maintains a historical record of the applicant data used by T-Mobile to make credit decisions. The data provides the record of the applicant's credit application with T-Mobile and is used to assist with credit decisions and respond to questions from applicants about the decision on their credit applications. The data is required to be maintained for a minimum period of 25 months under credit laws.

12.    The hacker acquired the records of approximately 15 million people, including new applicants about whom T-Mobile ran a credit check for service or device financing between September 1, 2013 and September 16, 2015.

13.    These records include personally identifiable information ("PII") such as name, address, birthdate, Social Security number, and ID number (such as driver's license or passport number), and additional information used in T-Mobile's own credit assessment. Although some of the information may have been encrypted, Experian determined that the encryption may have been compromised.

AMENDED CLASS ACTION COMPLAINT
CASE NO. 8:15-CV-01603-JLS-KES

14.     This is not the first time data maintained by Experian has been breached. In 2012, an Experian subsidiary was breached, exposing the Social Security numbers of millions of Americans.

15.     T-Mobile customer data obtained in the Experian breach has appeared on the dark web and already is being sold online to the criminal underground. *See* FIERCEWIRELESS.COM, *Report: T-Mobile customer data from Experian breach may already be up for sale*, http://www.fiercewireless.com/story/report-t-mobile-customer-data-experian-breach-may-already-be-sale/2015-10-05 (last visited Oct. 6, 2015).

16.     As a direct and proximate result of Experian's actions and omissions in disclosing and failing to protect Plaintiff's PII, Plaintiff and those similarly situated have already suffered harm and been placed at a substantial and imminent risk of future harms, including:

- diminution in the value and/or use of their PII;
- compromise, publication and/or theft of their PII;
- costs associated with the prevention, detection, and recovery from identity theft and/or unauthorized use of financial and medical accounts;
- hassle, lost time, lost productivity, and opportunity costs associated with addressing and attempting to mitigate the actual and future consequences of the data breach, including efforts spent researching how to prevent, detect, contest and recover from identity and health care/medical data misuse;
- inability or increased cost to use credit, credit scores, credit reports, and assets, including costs incurred as a result of credit denial;
- unauthorized use of compromised PII to open new financial and/or health care or medical accounts; and
- continued risk to their PII, which remains in the Experian's possession, and is subject to further data breaches so long as Experian fails to implement appropriate security measures.

**CLASS ACTION ALLEGATIONS**

3

17.    Plaintiff brings this complaint on behalf of herself and the following Class:

**All persons in the United States who between September 1, 2013, and September 16, 2015 applied for services or device financing with T-Mobile.**

18.    The members of the putative Class, estimated at 15 million people, are so numerous that joinder of individual claims is impracticable. Members of the Class can be readily identified through Experian's records.

19.    There are significant questions of fact and law common to the members of the Class, including:

    a.    Whether Experian failed to establish appropriate administrative, technical, and physical safeguards to ensure the security and confidentiality of records to protect against known and anticipated threats to security;

    b.    Whether Experian provided industry-standard security to protect customer information;

    c.    Whether Experian misrepresented or failed to provide adequate information to customers regarding the type of security practices used;

    d.    Whether Experian's conduct was intentional, willful, or negligent;

    e.    Whether Experian violated the statutes and/or common law doctrines listed herein;

    f.    Whether Plaintiff and the putative Class Members suffered damages as a result of Experian's conduct or omissions; and

    g.    Whether Plaintiff and the putative Class Members are entitled to injunctive, declarative, and monetary relief as a result of Experian's conduct or omissions.

20.    Plaintiff's claims are typical of the claims of the putative Class. Plaintiff and all members of the putative Class have been adversely affected and damaged in that Experian failed to adequately protect their PII to their detriment.

AMENDED CLASS ACTION COMPLAINT
CASE NO. 8:15-CV-01603-JLS-KES

21.    Plaintiff will fairly and adequately represent the putative Class because her interests do not conflict with the interests of the Class, her individual claims are co-extensive with those of the Class, and she has retained qualified counsel experienced in complex class action and data privacy litigation to prosecute this action on behalf of the Class.

22.    A class action in this instance is superior to other available methods for the fair and efficient adjudication of these claims because individual joinder of the claims of all members of the putative Class is impracticable. Many members of the Class are without the financial resources necessary to pursue this matter. Even if some members of the Class could afford to litigate their claims separately, such a result would be unduly burdensome to the courts in which the individualized cases would proceed. Individual litigation increases the time and expense of resolving a common dispute concerning Experian's actions toward an entire group of individuals. Class action procedures allow for far fewer management difficulties in matters of this type and provide the unique benefits of unitary adjudication, economies of scale, and comprehensive supervision over the entire controversy by a single judge in a single court.

23.    The putative Class may be certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure because Experian has acted on grounds generally applicable to the putative Class, thereby making final injunctive relief and corresponding declaratory relief appropriate with respect to the claims raised by the Class.

24.    The putative Class may be certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to Class Members will predominate over questions affecting individual members, and a class action is superior to other methods for fairly and efficiently adjudicating the controversy and causes of action described in this Complaint.

AMENDED CLASS ACTION COMPLAINT
CASE NO. 8:15-CV-01603-JLS-KES

# COUNT I

## *Negligence*

25.     Plaintiff repeats and reaffirms the assertions of fact contained in forgoing paragraphs as though fully set forth herein.

26.     Experian owed a duty to Plaintiff and all Class Members to use security practices that would protect the PII they provided to Experian and T-Mobile against the very sort of attack that occurred here.

27.     Experian breached the aforementioned duty when it failed to use security practices that would protect the PII provided by Class Members.

28.     As a direct and proximate cause of failing to use appropriate security practices, Experian's system was hacked causing Plaintiff's and all Class Members' PII to be disseminated to unauthorized individuals.

29.     The breach of Experian's security system caused direct and substantial damages to Plaintiff and Class Members, as well as the possibility of future harm through the dissemination of PII and possibility of identity theft.

30.     The law also imposes an affirmative duty on Experian to timely disclose the theft of the PII so that Plaintiff and the Class Members could be vigilant in attempting to determine if any of their accounts or assets had been stolen through identity theft.

31.     Through its failure to provide timely and clear notification of the data breach, Experian negligently prevented Plaintiff and the Class Members from taking meaningful, proactive steps to investigate possible identity theft and other harms.

32.     By engaging in the forgoing acts and omissions, Experian committed the common law tort of negligence. For all the reasons stated above, Experian's conduct was negligent and departed from reasonable standards of care including, but not limited to: failing to adequately protect Plaintiff's and the Class Members' PII and failing to provide Plaintiff and the Class Members with timely and sufficient notice that their PII had been compromised.

33.     Neither Plaintiff nor the other Class Members contributed to the data breach or subsequent misuse of their PII as described in this Complaint.

34.     As a direct and proximate result of Experian's actions and inactions, Plaintiff and every member of the Class has been put at risk of identity theft.  Experian is liable to each and every member of the Class for the reasonable costs of future credit monitoring services. Experian is also liable to those Class Members who have directly sustained damages as a result of their identity theft.

## COUNT II

### *WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT*
### 15 U.S.C. § 1681, *et seq.*

35.     Plaintiff repeats and reaffirms the assertions of fact contained in the foregoing paragraphs as fully set forth herein.

36.     Pursuant to15 U.S.C. § 1681a(f), a "consumer reporting agency" includes any person which, for monetary fees or on a cooperative nonprofit basis, regularly engages, in whole or in part, in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing "consumer reports" to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

37.     Pursuant to15 U.S.C. § 1681a(d)(1), a "consumer report" is any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living, which is used, expected to be used, or collected, in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility for (i) credit or insurance to be used primarily for personal, family, or household purposes, (ii) employment purposes, or (iii) any other purpose authorized by 15 U.S.C. § 1681b.

38.     "Consumer credit information" includes, *inter alia*, a person's name, identification number (*e.g*., Social Security number), marital status, physical address and

contact information, educational background, employment, professional or business history, financial accounts and financial account history (*i.e.*, details of the management of the accounts), credit report inquiries (*i.e.*, whenever consumer credit information is requested from a credit reporting agency), judgments, administration orders, defaults, and other notices.

39.     The Fair Credit Reporting Act ("FCRA") limits the legal dissemination of "consumer credit information" to certain well-defined circumstances and no others. 15 U.S.C. § 1681b(a).

40.     At all relevant times, Experian was (and continues to be) a consumer reporting agency under the FCRA because on a cooperative nonprofit basis and for monetary fees, it regularly (i) received, assembled and/or evaluated Plaintiff's and Class Members' "consumer credit information" for the purpose of furnishing consumer reports to third parties, and (ii) used the means and facilities of interstate commerce to prepare, furnish, and transmit consumer reports containing Plaintiff's and Class Members' consumer credit information to third parties (and continues to do so).

41.     As a consumer reporting agency, Experian was (and continues to be) required to identify, implement, maintain, and monitor the proper data security measures, policies, procedures, protocols, and software and hardware systems to safeguard, protect, and limit the dissemination of consumer credit information in its possession, custody, and control (including Plaintiff's and Class Members' consumer credit information) to the circumstances permitted under the FCRA. *See* 15 U.S.C. § 1681(b).

42.     By its above-described wrongful actions, inaction, omissions, want of ordinary care, and the resulting security breach, Experian willfully and recklessly violated 15 U.S.C. § 1681(b), 15 U.S.C. § 1681a(d)(3), 15 U.S.C. § 1681b(a);(g), and 15 U.S.C. § 1681c(a)(6) (and the related applicable regulations) by failing to identify, implement, maintain, and monitor the proper data security measures, policies, procedures, protocols, and software and hardware systems to safeguard and protect Plaintiff's and Class Members' consumer credit information.

43.     Experian's above-described wrongful actions, inaction, omissions, and want of ordinary care, in turn, directly and proximately caused the security breach which, in turn, directly and proximately resulted in the wrongful and illegal dissemination of Plaintiff's and Class Members' consumer credit information into the public domain for no permissible purpose under the FCRA. Experian's above described willful and reckless violations of the FCRA also prevented it from timely notifying Plaintiff and Class Members about the security breach which, in turn, inflicted additional economic damages and other actual injury and harm on Plaintiff and/or Class Members.

44.     Experian's above-described wrongful actions, inaction, omissions, and want of ordinary care, and the resulting security breach, directly and proximately caused Plaintiff and/or Class Members to suffer economic damages and other actual injury and harm, and collectively constitute the willful and reckless violations of the FCRA. Had Experian not engaged in such wrongful actions, inaction, omissions, and want of ordinary care, Plaintiff's and Class Members' consumer credit information would not have been disseminated in violation of the FCRA, and/or used to commit identity fraud. Plaintiff and Class Members, therefore, are entitled to declaratory relief (as set forth below), injunctive relief (as set forth below), and compensation for their economic damages, and/or other actual injury and harm in the form of, *inter alia,* (i) the lost intrinsic value of their privacy, (ii) deprivation of the value of their consumer credit information, for which there is a well-established national and international market, (iii) the financial and temporal cost of monitoring their credit, monitoring their financial accounts, and mitigating their damages, and (iv) statutory damages of not less than $100, and not more than $1000, each, under 15 U.S.C. § 1681n(a)(1).

45.     Plaintiff and Class Members also are entitled to recover punitive damages, under 15 U.S.C. § 1681n(a)(2), and their attorneys' fees, litigation expenses, and costs, under 15 U.S.C. § 1681n(a)(3).

AMENDED CLASS ACTION COMPLAINT
CASE NO. 8:15-CV-01603-JLS-KES

## COUNT III

### *NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING* ACT
### 15 U.S.C. § 1681, *et seq.*

46.     Plaintiff repeats and reaffirms the assertions of fact contained in the foregoing paragraphs as though fully set forth herein.

47.     In the alternative, by its above-described wrongful actions, inaction, omissions, want of ordinary care, and the resulting security breach, Experian negligently or in a grossly negligent manner violated 15 U.S.C. § 1681(b), 15 U.S.C. § 1681a(d)(3), 15 U.S.C. § 1681b(a);(g), and15 U.S.C. § 1681c(a)(6) (and the related applicable regulations) by failing to identify, implement, maintain, and monitor the proper data security measures, policies, procedures, protocols, and software and hardware systems to safeguard and protect Plaintiff's and Class Members' consumer credit information.

48.     Experian's above-described wrongful actions, inaction, omissions, and want of ordinary care, in turn, directly and/or proximately caused the security breach which, in turn, directly and proximately resulted in the wrongful dissemination of Plaintiff's and Class Members' consumer credit information in violation of the FCRA. Experian's above-described willful and reckless violations of the FCRA also have prevented it from timely and immediately notifying Plaintiff and Class Members about the security breach which, in turn, inflicted additional economic damages and other actual injury and harm on Plaintiff and/or Class Members.

49.     It was reasonably foreseeable to Experian that its failure to identify, implement, maintain and monitor the proper data security measures, policies, procedures, protocols, and software and hardware systems to safeguard and protect Plaintiff's and Class Members' consumer credit information would result in a security lapse, whereby unauthorized third parties would access and disseminate Plaintiff's and Class Members' consumer credit information in violation of the FCRA. Experian's above-described wrongful actions, inaction, omissions, and want of ordinary care, and the resulting security breach, directly and proximately caused Plaintiff and/or Class Members to suffer

10

AMENDED CLASS ACTION COMPLAINT
CASE NO. 8:15-CV-01603-JLS-KES

economic damages and other actual injury and harm, and collectively constitute the negligent violations of the FCRA. Had Experian not engaged in such wrongful actions, inaction, omissions, and want of ordinary care, Plaintiff's and Class Members' consumer credit information would not have been disseminated in violation of FCRA, and/or used to commit identity fraud. Plaintiff and Class Members, therefore, are entitled to declaratory relief (as set forth below), injunctive relief (as set forth below), and compensation for their economic damages and other actual injury and harm in the form of, *inter alia,* (i) the lost intrinsic value of their privacy, (ii) deprivation of the value of their consumer credit information, for which there is a well-established national and international market, and (iii) the financial and temporal cost of monitoring their credit, monitoring their financial accounts, and mitigating their damages.

50. Plaintiff and Class Members also are entitled to recover their attorneys' fees, litigation expenses, and costs, under 15 U.S.C. § 1681o(a)(2).

## COUNT IV

### *VIOLATION OF CALIFORNIA'S CUSTOMER RECORDS ACT*

### Cal. Civ. Code § 1798.80, *et seq.*

51. Plaintiff repeats and reaffirms the assertions of fact contained in the foregoing paragraphs as though fully set forth herein.

52. "[T]o ensure that personal information about California residents is protected," the California legislature enacted Civil Code section 1798.81.5, which requires that any business that "owns or licenses personal information about a California resident shall implement and maintain reasonable security procedures and practices appropriate to the nature of the information, to protect the personal information from unauthorized access, destruction, use, modification, or disclosure."

53. Experian is a "business" within the meaning of Civil Code section 1798.80(a), and they each "own, license, or maintain" personal information within the meaning of Civil Code section 1798.81.5.

---

11

AMENDED CLASS ACTION COMPLAINT
CASE NO. 8:15-CV-01603-JLS-KES

54.   Plaintiff and members of the Class are "individual[s]" within the meaning of Civil Code section 1798.80(d).

55.   The data that was compromised in the breach of Experian's systems on October 1, 2015 included the theft of "personal information" protected by Civil Code sections 1798.80(e) and 1798.81.5(d)(1)(C), including names, addresses, Social Security numbers, and driver's license or state identification card numbers.

56.   By failing to implement reasonable measures to protect Plaintiff's and the Class Members' personal data, Experian violated Civil Code section 1798.81.5.

57.   In addition, by failing to promptly notify all affected persons that their personal information had been acquired (or was reasonably believed to have been acquired) by unauthorized persons in the data breach, Experian violated Civil Code section 1798.82.

58.   By violating Civil Code sections 1798.81.5 and 1798.82, Experian "may be enjoined" under Civil Code section 1798.84(e).

59.   Accordingly, Plaintiff and the Class request that the Court enter an injunction requiring Experian to implement and maintain reasonable security procedures to protect customers' data in compliance with the California Customer Records Act, including, but not limited to: (1) ordering that Experian, consistent with industry standard practices, engage third party security auditors/penetration testers as well as internal security personnel to conduct testing, including simulated attacks, penetration tests, and audits on Experian's systems on a periodic basis; (2) ordering that Experian engage third party security auditors and internal personnel, consistent with industry standard practices, to run automated security monitoring; (3) ordering that Experian audit, test, and train its security personnel regarding any new or modified procedures; (4) ordering that Experian purge, delete, and destroy in a reasonable secure manner customer data not necessary for its business operations; (5) ordering that Experian, consistent with industry standard practices, conduct regular database scanning, real-time network traffic analysis, and security checks; (6) ordering that Experian, consistent with industry standard practices,

AMENDED CLASS ACTION COMPLAINT
CASE NO. 8:15-CV-01603-JLS-KES

periodically conduct internal training and education to inform internal security personnel how to identify and contain a breach when it occurs and what to do in response to a breach; (7) ordering Experian to meaningfully educate T-Mobile applicants about the threats they face as a result of the loss of their personal information to third parties, as well as the steps they must take to protect themselves; and (8) ordering Experian to implement a written policy for implementation of the items (1) through (7), above.

60.    Plaintiff further requests that the Court require Experian to (1) identify and notify all members of the Class who have not yet been informed of the data breach; and (2) notify affected former and current customers of any future data breaches by email within 24 hours of Experian's discovery of a breach or possible breach.

61.    As a result of Experian's violation of Civil Code sections 1798.81.5 and 1798.82, Plaintiff, individually and on behalf of the members of the Class, seeks remedies under Civil Code section 1798.84, specifically, equitable relief.

62.    Plaintiff, individually and on behalf of the members of the Class, also seeks reasonable attorneys' fees and costs under applicable law, including Code of Civil Procedure section 1021.5.

## COUNT V

### *VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAWS*

### **Cal. Bus. & Prof. Code § 17200,** *et seq.*

63.    Plaintiff and the Class incorporate by reference each preceding paragraph as though fully set forth at length herein.

64.    Plaintiff brings this cause of action on behalf of Plaintiff and the Class members whose personal information was compromised as a result of the data breach.

65.    Experian's acts and practices, as alleged in this complaint, constitute unlawful and unfair business practices in violation of the Unfair Competition Law ("UCL"), Bus. & Prof. Code, § 17200, *et seq.*

AMENDED CLASS ACTION COMPLAINT
CASE NO. 8:15-CV-01603-JLS-KES

66.    Experian's acts and practices, as alleged in this complaint, constitute unlawful and unfair practices in that they violate Civil Code section 1798.80, *et seq.,* and because Experian's conduct was negligent.

67.    Experian's practices were unlawful and in violation of Civil Code section 1798.81.5(b) because Experian failed to take reasonable security measures in protecting the PII of T-Mobile applicants.

68.    Experian's practices were also unlawful and in violation of Civil Code section 1798.82 because Experian unreasonably delayed informing Plaintiff and members of the Class about the breach of security after Experian knew that the data breach occurred.

69.    Experian's acts, omissions, and conduct constitute a violation of the unlawful prong of the UCL because they failed to comport with a reasonable standard of care and public policy as reflected in statutes such as the Information Practices Act of 1977, Civ. Code, § 1798, *et seq.,* and the California Customer Records Act, Civ. Code, § 1798.80, *et seq.,* which seek to protect individuals' data and ensure that entities that solicit or are entrusted with personal data utilize reasonable security measures.

70.    Experian violated the "unfair" prong of the UCL because its acts and/or omissions were immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to Plaintiff and Class members, and because its acts and/or omissions constitute conduct that undermines or violates the stated policies underlying the California Customer Records Act and other privacy statutes. In enacting the California Customer Records Act, the Legislature state that: "[i]dentity theft is costly to the marketplace and to consumers" and that "victims of identity theft must act quickly to minimize the damage; therefore expeditious notification of possible misuse of a person's personal information is imperative." (2002 Cal. Legis. Serv. Ch. 1054 (A.B. 700) (WEST).) Experian's conduct also undermines California public policy as reflected in other statutes such as the Information Practices Act of 1977, Civ. Code, § 1798, *et seq.,*

AMENDED CLASS ACTION COMPLAINT
CASE NO. 8:15-CV-01603-JLS-KES

which seeks to protect individuals' data and ensure that entities who solicit or are entrusted with personal data utilize reasonable security measures.

71.    As a direct and proximate result of Experian's unlawful and unfair business practices as alleged herein, Plaintiff and members of the Class have suffered the following injuries in fact and losses of money or property: (1) loss of opportunity to control how their PII is used; (2) diminution in the value and/or use of their PII; (3) the compromise, publication, and/or theft of their PII; (4) out-of-pocket costs associated with the prevention, detection, and recovery from identity theft or unauthorized use of financial and medical costs; (5) lost opportunity costs and loss of productivity from efforts to mitigate the actual and future consequences of the theft of PII; (6) cost associated with the inability to use credit and assets frozen or flagged as a result of credit misuse; (7) unauthorized use of compromised PII; (8) tax fraud or other unauthorized charges to financial, health care, or medical accounts; (9) continued risk to the PII that remain in Experian's possession  as long as Experian fail to undertake adequate measures to protect PII; and (10) future costs in terms of time, effort, and money that will be expended to prevent and repair the impact of the data breach.

72.    As a direct and proximate result of Experian's unlawful and unfair business practices as alleged herein, Plaintiff and the Class members face an increased risk of identity theft based on the theft and disclosure of their personal information.

73.    As a result of Experian's violations, Plaintiff and members of the Class are entitled to injunctive relief, including, but not limited to: (1) ordering that Experian, consistent with industry standard practices, engage third party security auditors/penetration testers as well as internal security personnel to conduct testing, including simulated attacks, penetration tests, and audits on Experian's systems on a periodic basis; (2) ordering that Experian engage third party security auditors and internal personnel, consistent with industry standard practices, to run automated security monitoring; (3) ordering that Experian audit, test, and train its security personnel regarding any new or modified procedures; (4) ordering that Experian purge, delete, and

AMENDED CLASS ACTION COMPLAINT
CASE NO. 8:15-CV-01603-JLS-KES

destroy in a reasonable secure manner customer data not necessary for its business operations; (5) ordering that Experian, consistent with industry standard practices, conduct regular database scanning, real-time network traffic analysis, and securing checks; (6) ordering that Experian, consistent with industry standard practices, periodically conduct internal training and education to inform internal security personnel how to identify and contain a breach when it occurs and what to do in response to a breach; (7) ordering Experian to meaningfully educate T-Mobile applicants about the threats they face as a result of the loss of their personal information to third parties, as well as the steps they must take to protect themselves; and (8) ordering Experian to implement a written policy for implementation of the items (1) through (7), above.

74.     Because of Experian's unfair and unlawful and unfair business practices, Plaintiff and the Class are entitled to relief, including (1) restitution to Plaintiff and Class members of the losses they incurred as a result of the data breach and restitutionary disgorgement of all profits accruing to Experian as a result of its unlawful and unfair business practices; (2) attorneys' fees and costs; (3) declaratory relief; and (4) a permanent injunction enjoining Experian from its unlawful and unfair practices.

## COUNT VI
### *INVASION OF PRIVACY*

75.     Plaintiff and the Class incorporate by reference each preceding paragraph as though fully set forth at length herein.

76.     Experian invaded Plaintiff's and the Class members' right to privacy by allowing the unauthorized access to Plaintiff's and Class members' PII and by negligently maintaining the confidentiality of Plaintiff's and Class members' PII, as set forth above.

77.     The intrusion was offensive and objectionable to Plaintiff, the Class members, and to a reasonable person of ordinary sensibilities in that Plaintiff's and Class members' PII was disclosed without prior written authorization of Plaintiff and the Class.

AMENDED CLASS ACTION COMPLAINT
CASE NO. 8:15-CV-01603-JLS-KES

78.    The intrusion was into a place or thing which was private and is entitled to be private, in that Plaintiff and the Class members provided and disclosed their PII to Experian, as applicants of T-Mobile, privately with an intention that their PII would be kept confidential and would be protected from unauthorized disclosure. Plaintiff and the Class members were reasonable to believe that such information would be kept private and would not be disclosed without their written authorization.

79.    As a proximate result of Experian's above acts, Plaintiff's and the Class members' PII was viewed, printed, distributed, and used by persons without prior written authorization and Plaintiff and the Class members suffered damages.

80.    Experian is guilty of oppression, fraud, or malice by permitting the unauthorized disclosure of Plaintiff's and the Class members' personal information with a willful and conscious disregard of Plaintiff's and the Class members' right to privacy.

81.    Unless and until enjoined, and restrained by order of this Court, Experian's wrongful conduct will continue to cause Plaintiff and the Class members great and irreparable injury in that the PII maintained by Experian can be viewed, printed, distributed, and used by unauthorized persons. Plaintiff and Class members have no adequate remedy at law for the injuries in that a judgment for the monetary damages will not end the invasion of privacy for Plaintiff and the Class.

## COUNT VII

### *DECLARATORY RELIEF*

82.    Pursuant to the Declaratory Judgment Act, Plaintiff and Class Members request the Court to enter a judgment declaring, *inter alia*, (i) Experian owed (and continues to owe) a legal duty to safeguard and protect Plaintiff's and Class Members' PII, and timely notify them about any security breach, (ii) Experian breached (and continues to breach) such legal duties by failing to safeguard and protect Plaintiff's and Class Members' confidential and sensitive payment consumer credit information, and (iii) Experian's breach of its legal duties directly and proximately caused the security

AMENDED CLASS ACTION COMPLAINT
CASE NO. 8:15-CV-01603-JLS-KES

breach, and the resulting damages, injury, and harm suffered by Plaintiff and Class Members.

## COUNT VIII

### *INJUNCTIVE RELIEF*

83.    Experian's above-described wrongful actions, inaction, omissions, want of ordinary care, nondisclosures, and the resulting security breach have caused (and will continues to cause) Plaintiff and Class Members to suffer irreparable harm in the form of, *inter alia*, economic damages and/or other injury and actual harm in the form of, *inter alia,* (i) actual identity theft and identity fraud, (ii) invasion of privacy, (iii) loss of the intrinsic value of their privacy, (iv) breach of the confidentiality of their consumer reports and consumer credit information, (v) deprivation of the value of their consumer credit information, for which there is a well-established national and international market, (vi) the financial and temporal cost of monitoring their credit, monitoring their financial accounts, and mitigating their damages, and (vii) the imminent, immediate, and continuing increased risk of ongoing identity theft and identity fraud. Such irreparable harm will not cease unless and until enjoined by this Court.

84.    Plaintiff and Class Members, therefore, are entitled to injunctive relief and other appropriate affirmative relief including, *inter alia*, an order compelling Experian to, *inter alia*, (i) notify each person whose consumer credit information was exposed in the security breach, (ii) provide credit monitoring to each such person for at least six years, (iii) establish a fund (in an amount to be determined) to which such persons may apply for reimbursement of the time and out-of-pocket expenses they incurred to remediate identity theft and/or identity fraud (*i.e*., data breach insurance), from September 16, 2015, forward to the date the above-referenced credit monitoring terminates, and (iv) discontinue its above-described  wrongful actions, inaction, omissions, want of ordinary care, nondisclosures, and the resulting security breach.

85.    Plaintiff and Class Members also are entitled to injunctive relief requiring Experian to implement and maintain data security measures, policies, procedures,

AMENDED CLASS ACTION COMPLAINT
CASE NO. 8:15-CV-01603-JLS-KES

controls, protocols, and software and hardware systems, including, *inter alia*, (i) engaging third-party security auditors/penetration testers and internal security personnel to conduct testing, including simulated attacks, penetration tests, and audits on Experian's computer systems on a periodic basis, (ii) engaging third-party security auditors and internal personnel to run automated security monitoring, (iii) auditing, testing, and training its security personnel regarding any new or modified procedures, (iv) conducting regular database scanning and security checks, (v) regularly evaluating web applications for vulnerabilities to prevent web application threats, and (vi) periodically conducting internal training and education to inform internal data security personnel how to identify and contain data security lapses.

86.     If an injunction is not issued, Plaintiff and Class Members will suffer irreparable injury in the event Experian has another security lapse, the risk of which is real, immediate, and substantial.

87.     The hardship to Plaintiff and Class Members if an injunction does not issue exceeds the hardship to Experian if an injunction is issued. Among other things, if Experian suffers another massive security lapse, Plaintiff and Class Members will likely again incur millions of dollars in damages. On the other hand, and setting aside the fact that Experian has a pre-existing legal obligation to employ adequate customer data security measures, Experian's cost to comply with the above-described injunction they are already required to implement is relatively minimal.

88.     Issuance of the requested injunction will not disserve the public interest. To the contrary, such an injunction would benefit the public by preventing another security lapse, thereby eliminating the damages, injury, and harm that would be suffered by Plaintiff, Class Members, and the millions of consumers whose confidential and sensitive consumer credit information would be compromised.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, for herself and Class Members, respectfully request that (i) this action be certified as a class action, (ii) Plaintiff be designated the Class

19

Representative, and (iii) Plaintiff's counsel be appointed as Class Counsel. Plaintiff, for herself and Class Members, further requests that upon final trial or hearing, judgment be awarded against Experian, in Plaintiff's favor for:

(i) statutory and actual damages under the Fair Credit Reporting Act in an amount to be determined by the trier of fact;

(ii) punitive damages in an amount to be determined by the trier of fact;

(iii) declaratory and injunctive relief (as set forth above);

(iv) attorneys' fees, litigation expenses and costs of suit incurred through the trial and any appeals of this case; and

(v) such other and further relief the Court deems just and proper.

## **JURY DEMAND**

Plaintiff, individually and on behalf of Class Members, respectfully demands a trial by jury on all of her claims and causes of action so triable.

Dated:  October 21, 2015        By:    /s/ *Daniel C. Girard*
                                      Daniel C. Girard

**GIRARD GIBBS LLP**
Eric H. Gibbs
David M. Berger
601 California Street, 14th Floor
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile:  (415) 981-4846

Gary E. Mason (*pro hac pending*)
Esfand Y. Nafisi (*pro hac pending*)
Benjamin Branda (*pro hac pending*)
**WHITFIELD BRYSON & MASON LLP**
1625 Massachusetts Avenue, NW, Ste. 605
Washington, DC 20036
Telephone: (202) 429-2290
Facsimile: (202) 640-1164

20

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gregory F. Coleman (*pro hac pending*)
Mark E. Silvey (*pro hac pending*)
Lisa A. White (*pro hac pending*)
**GREG COLEMAN LAW PC**
First Tennessee Plaza
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Telephone: (865) 247-0090

Edward A. Wallace (*pro hac pending*)
Mark R. Miller (*pro hac pending*)
Amy E. Keller (*pro hac pending*)
**WEXLER WALLACE LLP**
55 West Monroe Street, Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222

*Attorneys for Plaintiff Jessica Luna*

21
AMENDED CLASS ACTION COMPLAINT
CASE NO. 8:15-CV-01603-JLS-KES